**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JAMIE GUY                                                                                           PLAINTIFF

V.                                    NO. 1:14CV00135 JTR

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                          DEFENDANT

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiff, Jamie Guy ("Guy"), has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her claim for Supplemental Security Income ("SSI"). Both parties have filed Appeal Briefs (*docs. 11 and 12*), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108, F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

On January 24, 2012, Guy filed an application for SSI alleging disability since April 14, 2004.[1] *Tr. 121*. In her Disability Report – Adult, she stated that she was disabled because of pain in her neck, back, and left heel and leg. *Tr. 164*. After her claim was denied at the initial and reconsideration levels, she requested a hearing before an Administrative Law Judge ("ALJ").

On March 10, 2013, the ALJ conducted an administrative hearing, where Guy and a vocational expert ("VE") testified. *Tr. 41-72*. At the time of the hearing, Guy was 30-years old and had obtained a GED. *Tr. 32*. She had no past relevant work.

In his July 25, 2013 decision, the ALJ found that Guy : (1) had not engaged in substantial gainful activity since her application date; (2) had "severe" impairments consisting of "cervical fusion, lumbar scoliosis, right ankle old

---

[1] In 2005, Guy was found to be disabled, related to injuries she received in a 2004 auto accident that required a cervical fusion, ankle surgery, and an orbital reconstruction. However, her SSI benefits ceased in 2007 or 2008 due to the level of her husband's earnings. *Tr. 59*.

2

avulsion fracture, left heel failed fusion and subtalar joint left calcaneus;" (3) did not have an impairment or combination of impairments meeting a Listing; (4) had the RFC to perform sedentary work; (5) had no past relevant work; but (6) based on an application of the Medical-Vocational Guidelines, could perform sedentary work in the national economy.[2] *Tr. 36.* Thus, the ALJ concluded that Guy was not disabled.

On September 15, 2014, the Appeals Council denied Guy's request for review of the ALJ's decision, thereby making it the final decision of the Commissioner. *Tr. 1*. Guy then filed her Complaint appealing that decision to this Court.

In Guy's Appeal Brief, she argues that the ALJ erred: (1) in concluding that Listing 1.06 was not satisfied by her ankle fracture; (2) in assessing her credibility; and (3) in relying on the Medical-Vocational Guidelines at Step 5. *Doc. 11*.

For the reasons discussed below, the Court concludes that the ALJ's credibility assessment is not supported by substantial evidence, and that the ALJ erred in applying the Medical-Vocational Guidelines at Step 5.

---

[2] Although a VE was present at the administrative hearing, the ALJ only asked her one hypothetical question, assuming a RFC precluding standing and walking for two hours a day. *Tr. 71*. The VE testified that this hypothetical RFC precluded competitive employment. *Id.*

3

## II. Discussion

Guy argues that the ALJ erred in discounting her credibility and improperly relied on the Medical-Vocational Guidelines at Step 5, when he should have called a VE to address her nonexertional impairments.

"Generally, where the claimant suffers from a nonexertional impairment such as pain, the ALJ must obtain the opinion of a vocational expert instead of relying on the Medical–Vocational Guidelines." *Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006). "However, the Guidelines still may be used where the nonexertional impairments do not diminish . . . the claimant's residual functional capacity to perform the full range of Guideline-listed activities. In particular, when a claimant's subjective complaints of pain are explicitly discredited for legally sufficient reasons articulated by the ALJ, the Secretary's burden at the fifth step may be met by use of the Medical–Vocational Guidelines." *Id.* at 894-895 (internal alterations and citations omitted).

The Commissioner argues that the ALJ properly discounted Guy's subjective complaints of pain, and therefore permissibly found that she could perform the "full range" of sedentary work under the Medical-Vocational Guidelines, without the need to use a vocational expert at Step 5.

The ALJ found that Guy had multiple Step 2 "severe" impairments which were nonexertional. Those impairments consisted of "cervical fusion, lumbar

scoliosis, right ankle old avulsion fracture, left heel failed fusion and subtalar joint left calcaneus[.]" In discussing the medical evidence, the ALJ noted Guy's complaints of pain and her long-term use of narcotic pain medications. *Tr. 32*. While the ALJ cited the Court's decision in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984),[3] only three factors were discussed in the credibility analysis:

> The claimant lives and cares for two young children in a home. If a claimant were as incapacitated as she alleged, she would be unable to care for her children and home. Further, she has been able to work part-time in a job that was a light job than [sic] was more exertional than required with the residual functional capacity in this decision. Finally, having had the opportunity to observe the testimony and demeanor of the claimant, the undersigned finds that finds that, although she has medically determinable severe impairments, these impairments do not cause the degree of limitations alleged by the claimant.

*Tr. 35*.

While it is not necessary to "methodically discuss" each *Polaski* factor, *see Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012), the ALJ's analysis falls short of the meaningful credibility review required by *Polaski*. The limited nature of the two activities cited by the ALJ, a part-time cashier job for eleven months and caring for two children, does not support his conclusion that the Guy could perform a full range of sedentary work. Moreover, the ALJ appears to have

---

[3] "When examining a claimant's subjective complaints, in addition to objective medical evidence and the claimant's prior employment record, an ALJ must also examine: (1) 'the claimant's daily activities'; (2) 'the duration, frequency and intensity of the pain'; (3) 'precipitating and aggravating factors'; (4) 'dosage, effectiveness and side effects of medication'; and (5) 'functional restrictions.'" *Perkins v. Astrue*, 648 F.3d 892, 900 (8th Cir. 2011) (*quoting Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).

injected a "sit and squirm" test into his credibility analysis.[4] As noted earlier, this is a case where Guy was previously found to be disabled, and the ALJ found that Guy had multiple "severe" nonexertional impairments. Under these circumstances, the ALJ's credibility analysis and his reliance on the Medical-Vocational Guidelines is not supported by substantial evidence. On remand, the ALJ should carefully update the medical record, reassess Guy's credibility consistent with the *Polaski* factors, and use a vocational expert at Step 5.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter is remanded to the Commissioner for further proceedings pursuant to "sentence four" of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 1st day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] The Eighth Circuit has emphasized that the ALJ is free to take into account his personal observations of a claimant in making his decision, however, "the ALJ is not free to reject a claimant's credibility on account of the claimant's failure to sit and squirm during the hearing." *Cline v. Sullivan*, 939 F.2d 560, 567-68 (8th Cir. 1991). *See also Muncy v. Apfel*, 247 F.3d 728, 736 (8th Cir. 2001) (the claimant's "failure to 'sit and squirm' with pain during the hearing cannot be dispositive of his credibility.")